By the Court:
The defense that has been relied upon by the respondents, in arguments on the circuit, may be thus stated:
1. Williams abandoned his claim in 1825, by declaring his expectation of compensation, in damages, from Champion.
2. The claim is extinguished by lapse of time.
3. Williams knew of the sale to Tuttle, and neither asserted his claim, nor made other objection.
The contract of 1820 gave Williams a right to demand the conveyance of seventy-five acres, upon completing sales of the residue of the original tracts sold to him in January, 1818. Much the larger portion of these tracts had been then sold, so that Williams had paid the greater portion of the consideration for the seventy-five acres. He continued, up to 1825, assiduous to effect a sale of the residue, upon the terms agreed on ; but he was unsuccessful. At that time, Champion, by conveying to Goodrich, put an end to the contract, and disabled Williams from performing that portion of it that remained unperformed. Williams’ subsequent assertion that he did not look to the land, but to Champion, for damages, we are satisfied was made under a mistake as to what were his rights. Nothing in the case sustains the idea of abandonment. Whilst the contract existed, *he sought to perform it. When [171 the other party put an end to it, Williams still asserted his right under it, though not in the form he now asserts them. There is no pretense to sustain the position of a voluntary abandonment.
Lapse of time never extinguishes the rights of the parties, merely as lapse of time. It does so when a time for doing an act is fixed, and the party to whom it is to be performed forthwith evinces his intention to put an end to the agreement, so soon as the failure to perform at the time fixed has occurred.- In this ease, no time of performance is fixed. Champion himself first put an end to the contract by the conveyance to Goodrich. Williams, at all times previous, was assiduous in his efforts to perform. His conduct evidenced no intention to abandon. Under the contract, Champion had no right to preclude Williams from completing the performance, after having received the benefits of his part performance.
Neither Champion nor Goodrich can place themselves in Tuttle’s *176 shoes. No case of innocent or deceived purchase can be made but by Tuttle, or those claiming under him. Neither make any claim. We find nothing in the whole ease to preclude the complainant from suitable relief.
The mode of administering that relief presents some difficulty; but, in our opinion, it is not insurmountable. The contract between Williams and Champion, as readjusted in 1820, rested) partly, upon a previous part performance by Williams, and partly upon a performance thereafter to be made. That it was not performed is chargeable upon neither. As he has not performed all that he was to perform, the complainant can not equitably demand, a whole performance from the other contracting party. But he may justly claim an apportioned remuneration. To ascertain this, the cause is referred to a master to ascertain what is the fair and ordinary commission for the sale of lands, in like circumstances, in the vicinity of those lands. The sum ascertained to be due to be a charge upon the seventy-five acres of land until paid; in default of which the court will direct a sale.