Hitchcock, J.
Two exceptions are taken to the declaration in this case. The first is, that there is no sufficient breach of the condition of the bond assigned; and the second is, that it appears from the declaration itself, that at the time of the institution of the suit, there was a levy upon the lands of the original judgment debtors, undisposed of. The condition of the land is, that “ the said Charles T. and William Bossen shall pay the full amount of condemnation money, in said Supreme Court, and costs, in case judgment shall be entered therein in favor of the appellee,” &c. The averment in the declaration is, “ that neither the defendants,” that is, the . said Henry S. *247 Mayo and the said Charles T. Bossen, “ hath paid,” &c., “ the said condemnation of the said Supreme Court, and costs, . any part, or either of them, but the same remain due and paid”
It is insisted that this averment is not sufficient, but it should have been averred, that neither the said Charles T. and William Bossen, nor either of them had paid, &c. And that it does not follow, because neither the defendant, nor Charles T. Bossen had paid said judgment, but that William Bossen may have paid. This exception would have been well taken but for the concluding part of the averment, where it is said in reference to this judgment “ the same remains due and unpaid.” It would probably have been more technically correct, to have assigned the breach as suggested by the counsel for the plaintiff in error, but we think, that as it is, it is sufficiently assigned. It is admitted that it would have been sufficient after verdict. It seems to the Court that it is sufficient upon general demurrer.
The declaration shows, that at the time of the institution of the suit, there was a levy upon the land, made under execution upon the original judgment, and it is claimed that the defendant in error could have no right of action until this land was disposed of. This presents the question whether an action can be sustained upon an appeal bond before the property of the judgment debtor is exhausted. In the case of Cass v. Adams et al., 3 Ohio Rep. 223, which was an action upon an appeal bond, to which the defendant had pleaded that an execution had been issued upon the original judgment, and levied upon a large amount of personal property, which remained undisposed of, this Court held the plea to be sufficient. The Court say, “ the arrest of a judgment upon a ca. sa. is a satisfaction, though no money be paid. So is the levy of an execution upon goods or land, whilst the levy is in force, and undisposed of.” But in the case of Reynolds v. Rogers, 6 Ohio Rep. 169, the Court decided that although the decision in the case of Cass v. Adams et al. was in accordance with the law, as applicable to the plead *248 ings in that case, still that the declaration of the Court, as to e^ect a levy upon land, undisposed of, was not supporby authority. As was said by the Court ih the case of Reynolds v. Rogers, there is a great difference between a levy upon goods and a levy upon land. The goods are taken from the possession of the owner by the levy, but the owner of the land remains in possession after the levy, and cannot be dispossessed until after the land is sold. By the 27th section of the act regulating judgments and executions, (Swan’s stat. 482) it'is provided “ that in all cases where judgments shall be rendered in-the Supreme Court against an appellant, or an injunction dissolved in the Court of Common Pleas or Supreme Court, the successful party shall, before he brings suit upon the injunction or appeal bond, issue an execution against the principal debtor; and if by the return of the execution, it shall appear that the principal debtor has not goods and chattels, lands and tenements sufficient to satisfy the same, the successful party may then commence suit upon the appeal or injunction bond, and take judgment for the penalty thereof; which judgment shall be discharged by the payment of the original judgment or decree, with interest and costs, together with thfe costs of. suit on the appeal or injunction bond.”
But for the above recited-section of the statute, the appellee might have had his action against the appeal bail, upon the rendition of the judgment in the Supreme Court, unless the same was forthwith paid: By legislative provision, however, he is delayed until an execution shall have been issued against the judgment debtoi or debtors. An effort must first be made to collect the debt of the principal. But the statute does not require that the appellee shall be delayed in his proceeding upon the bond until the property of the principal shall be exhausted. He is authorized to proceed “ if by the return of the execution it shall appear that the principal debtor has not goods and chattels, lands and tenements, sufficient to satiéfy the same.” And there is nothing improper or unjust in this. The creditor has been delayed in the collection of his judgment in *249 the Court of Common Pleas by the appeal. As a condition for this delay, the obligors in the appeal bond have undertaken that the judgment of the appellate Court shall be paid. soon as the fact is ascertained that the judgment debtor cannot make payment, it would seem to follow that the creditor shall have the right of proceeding upon his security.
In the case now before us, the declaration shows that there was a balance of more than four thousand dollars due upon the judgment of Williams against Charles T. and William Bossen , and that the value of the entire property of the Bossens was less than one thousand dollars, as shown by the return of the execution issued against them. If by the return of an execution in any case, it would be made to appear that the principal debtor, has not property “ sufficient” to satisfy the judgment, it is so made to appear in the present case. It is supposed that in a case like the present, there may be difficulty in ascertaining the amount for which judgment is to be rendered, but it is not so. The statute provides that judgment may be taken, as it was in this case, for the penalty of the bond, to be discharged “ by the payment of the original judgment” &c. The satisfaction of one judgment, is satisfaction of the other, and the same rule would apply to a partial satisfaction. It is in effect like the case where a creditor has separate judgments against separate individuals for the same cause of action. The satisfaction of one is the satisfaction of all so far as damages are concerned, as in the case of the holder of a promissory note or bill of exchange, having separate judgments against the maker or drawer and indorsers.
We are of opinion that in the record, proceedings and judgment of the Court of Common Pleas there is nothing erroneous. The judgment of that Court is therefore affirmed.